IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIO ALEJANDRO CASTANEDA, | § | |
| TDCJ No. 1978092, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-18-CV-161-FM |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Patricio Alejandro Castaneda seeks a writ if habeas corpus pursuant to 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 3. Castaneda challenges Respondent Lorie Davis's custody over him based on a conviction for assault on a public servant in El Paso County, Texas. Davis contends the Court should deny the petition because, where Castaneda's claims are not procedurally barred, he fails to show that the state court's rejection of his claims was objectively unreasonable. Resp't's Answer, ECF No. 30. After reviewing the record and for the reasons discussed below, the Court finds that Castaneda is not entitled to federal habeas relief. Consequently, the Court will deny his petition and, additionally, deny him a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

A grand jury indicted Castaneda for assault on a public servant, in violation of Texas Penal Code §§ 22.01(a)(1) and (b)(1). Clerk's R. (Cause Number 20100D04935, 41st Judicial District Court, El Paso County, Texas), ECF No. 31-11, p. 7 (Indictment). With the indictment, the State filed a notice of enhancement and habituation advising the trial court it would seek an enhanced punishment based on Castaneda's prior convictions for importing marijuana, in violation of 21 U.S.C. § 952, in *United States v. Castaneda*, EP-97-CR-825-H-1 (W.D. Tex. Mar. 16, 1998), and misprision of a felony, in violation of 18 U.S.C. § 4, in *United States v. Castaneda*, EP-03-CR-317-KC-2 (W.D. Tex. Mar. 1, 2010). *Id.*, pp.

28–29, 134–35, 142–43 (Notice of Enhancement and Habituation). Castaneda pleaded not guilty, waived his right to a jury, and appeared before the trial court for a bench trial.

At trial, the State called two witnesses: the victim, Officer Miguel Garza, and his supervisor, Corporal Frank Hernandez. Garza testified he worked as a corrections officer at the El Paso County Jail Annex (EPCJA) on October 3, 2010. *See Castaneda v. State*, 08-14-00192-CR, 2016 WL 4447576, at *1–*2 (Tex. App.—El Paso Aug. 24, 2016, pet. ref'd). He decided to write up Castaneda for crossing a yellow line and banging on a guard station window because he wanted a wrist band for commissary privileges. Garza also claimed Castaneda threatened him by saying "[w]hen I see you out there, I'm going to f—k you up." He attempted to handcuff Castaneda, but Castaneda would not cooperate. Garza reported Castaneda turned around and hit him on his upper right side with his left forearm. Garza added he subsequently gained control of Castaneda with Hernandez's help and placed Castaneda in a cell for violent prisoners. Hernandez testified he saw Garza scuffle with Castaneda. He specifically recalled observing Garza's body move upward, as if he had been hit, during the interaction.

Castaneda was found guilty as charged on June 25, 2014. Clerk's R., ECF No. 31-11, p. 171 (J. of Conviction by Court—Waiver of Trial). He pleaded true to the two enhancements during the sentencing phase. He was sentenced to twenty-five years in the custody of the Texas Department of Criminal Justice.

On appeal, Castaneda complained (1) the evidence was legally insufficient to support his conviction, and (2) he was denied the effective assistance of counsel at the guilt/innocence phase of his bench trial. Castaneda maintained his trial counsel failed to advocate for him at trial; present a justification defense; argue for a lesser-included offense; or adequately present a closing argument. The Eighth Court of Appeals in El Paso overruled Castaneda's objections and affirmed his conviction and sentence on August 24, 2016. *Castaneda*, 2016 WL 4447576.

Castaneda raised three issues in his state application for a writ of habeas corpus. First, he

claimed the judgment was void because the notice of enhancement and habituation mischaracterized his prior federal conviction for misprision of a felony as a felony. *Ex parte Castaneda*, WR-87,643-01, ECF No. 31-20, p. 1 (Appl. for Writ of Habeas Corpus, Oct. 17, 2017). Second, he maintained the trial court could not under Texas law use his prior federal convictions to enhance his state sentence. *Id.*, at p. 3. Finally, he asserted his counsel provided ineffective assistance by failing to investigate his criminal history and file appropriate motions based on the illegal sentencing enhancements. *Id.*, at p. 5. The Texas Court of Criminal Appeals denied his application without a written order on January 3, 2018. *Id.*, ECF No. 31-16, at p. 1 (Action Taken, Jan. 3, 2018).

Castaneda raises five issues in his federal petition. Pet'r's Pet. at 6–7, ECF No. 3. First, he claims the judgment is void because the notice of enhancement and habituation mischaracterized his prior federal conviction for misprision of a felony as a felony. Second, he maintains his counsel provided ineffective assistance by failing to investigate his criminal history and file appropriate motions based on the illegal sentencing enhancements. Third, he asserts his counsel provided ineffective assistance by not challenging the legal sufficiency of the evidence. Fourth, he argues he was ineligible to receive the twenty-five sentence assessed because the State mischaracterized his prior misdemeanor conviction for misprision of a felony. Finally, he maintains the indictment was flawed because it mischaracterized his prior conviction for misprision of a felony as a felony, and because his prior conviction for importation of marijuana could not be used for an enhancement of his state sentence.

## APPLICABLE LAW

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy," reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It provides an important, but limited, examination of an inmate's conviction

and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").

As a result, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They must generally defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). And they must defer to state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998). They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

### A. Unadjudicated Claims

A state prisoner must exhaust available state remedies before seeking federal habeas corpus relief, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See* 28 U.S.C. § 2254(b)(1) (explaining that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

If a state prisoner presents unexhausted claims, the federal habeas court may dismiss the petition. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). If a state prisoner presents a "mixed petition" containing both exhausted and unexhausted claims, the federal habeas court may *stay* the proceedings or *dismiss* the petition without prejudice to allow the petitioner to return to state court and exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Alternatively, the federal habeas court may *deny* relief on an unexhausted or mixed claim on the merits, notwithstanding

the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). A federal habeas court may *grant* relief on an unexhausted or procedurally defaulted claim *only* if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749–50; *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). This means that before a federal habeas court may grant relief on an unexhausted claim, the petitioner must show that some objective, external factor prevented him from complying with the state procedural rule. *Martinez v. Ryan*, 566 U.S. 1, 13–14 (2012). When reviewing an unexhausted claim on the merits, the deferential standard of review does not apply. Instead, the federal habeas court examines unexhausted claims under a de novo standard of review. *Cullen v. Pinholster*, 563 U.S. 170, 185–86 (2011); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

### B. Adjudicated Claims

For claims that were adjudicated in state court, 28 U.S.C. § 2254(d) imposes a highly deferential standard which demands a federal habeas court grant relief only where the state court judgment:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2) The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Moreover, the federal habeas court's focus is on the state court's ultimate legal conclusion, not whether the state court considered and discussed every angle of the evidence. *Neal v. Puckett*, 286 F.3d 230,

246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("we review only the state court's decision, not its reasoning or written opinion"). Indeed, state courts are presumed to "know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Factual findings, including credibility choices, are entitled to the statutory presumption, so long as they are not unreasonable "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Further, factual determinations made by a state court enjoy a presumption of correctness which the petitioner can rebut only by clear and convincing evidence. *Id.* § 2254(e)(1); *see Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006) (noting that a state court's determination under § 2254(d)(2) is a question of fact). The presumption of correctness applies not only to express findings of fact, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

In sum, the federal writ serves as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102–03 (quoting *Jackson*, 443 U.S. at 332, n.5). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

## ANALYSIS

### Claim I - the judgment is void because the notice of enhancement and habituation mischaracterized his prior conviction for misprision of a felony as a felony.

Castaneda alleges in Claim I that the judgment is void because the notice of enhancement and habituation mischaracterized his prior conviction for misprision of a felony. Pet'r's Pet. 6, ECF No. 3. He argues misprision of a felony is a misdemeanor and cannot be used to enhance a felony sentence in Texas. *Id.*

Castaneda is wrong. "'Felony' as defined in the [Texas] penal code means 'an offense so designated by law or punishable by death or confinement in a penitentiary.'" *Robles v. State*, 141

S.W.3d 250, 251–52 (Tex. App. 2004) (quoting Tex. Pen. Code Ann. § 1.07(a)(23) (West Supp.2004)). According to 18 U.S.C. § 4, misprision of felony:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

And according to 18 U.S.C. § 4083, "[p]ersons convicted of offenses . . . punishable by imprisonment for more than one year may be confined in any United States penitentiary." In *Ex parte Blume*, 618 S.W.2d 373 (Tex. Crim. App. 1981), the Texas Court of Criminal Appeals specifically held a federal offense punishable by confinement in a United States penitentiary was available for sentencing enhancement in Texas. Hence, a conviction for the federal offense of misprision of felony is a felony for the purposes of Texas law and may be used to enhance a state-imposed sentence.

Furthermore, whether a prior federal conviction is admissible for enhancement purposes is a state evidentiary question and does not raise a federal issue. *Gabel v. McCotter*, 803 F.2d 814, 816 (5th Cir. 1986) (claim that a federal offense was improperly used to enhance a state conviction is purely evidentiary and not cognizable on federal habeas corpus review). A federal habeas court may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67–68; *West*, 92 F.3d at 1404. Thus, Castaneda does not present a cognizable claim for federal habeas relief.

The state court's rejection of this claim was not objectively unreasonable. Castaneda is not entitled to relief on this claim.

### Claim II - his counsel provided ineffective assistance by failing to investigate his criminal history and file appropriate motions based on the illegal sentencing enhancements.

Next, Castaneda alleges in Claim II that his trial counsel was ineffective for failing to investigate his criminal history and discover that misprision of a felony is not a felony for enhancement purposes. Pet'r's Pet. 6, ECF No. 3. He argues, because his sentence was illegally enhanced, his counsel should

have objected and filed a motion to quash or a motion for a new trial. *Id.*

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim, a petitioner must demonstrate (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. Unless the petitioner establishes both—deficient performance and prejudice—his ineffective assistance of counsel claim fails. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).

Under the first *Strickland* prong, a petitioner must establish his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). But when deciding whether counsel's performance was deficient, a federal habeas court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 at 688–89. Hence, a federal habeas court presumes that counsel's choice of trial strategy is objectively reasonable unless clearly proven otherwise. *Id.* at 689. Indeed, Counsel's strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Id.* at 673; *Pape v. Thaler*, 645 F.3d 281, 289–90 (5th Cir. 2011). Furthermore, Counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument. *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006).

Under the second *Strickland* prong, a petitioner must demonstrate his counsel's deficient

performance prejudiced him. *Id.*, at 764. He "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687).

In addition to applying the *Strickland* two-prong test, a federal habeas court must review a state petitioner's ineffective assistance of counsel claim "through the deferential lens of [28 U.S.C.] § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). It must consider not only whether the state court's determination was incorrect, but also "whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Thus, in light of the deference accorded by § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

As the Court discussed above, Castaneda is simply wrong about the enhancements. Both of his prior federal convictions are felonies for purposes of enhancement in Texas. Consequently, any objection, motion to quash, or motion for new trial presented to the state trial would have been unavailing. Simply stated, counsel is not required to make non-meritorious arguments. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

Therefore, Castaneda cannot show his trial counsel's performance was deficient. Furthermore, Castaneda cannot show the state court's rejection of this claim was unreasonable. Castaneda is not

entitled to relief on this claim.

> **Claim III - his counsel provided ineffective assistance by not challenging the legal sufficiency of the evidence.**
>
> **Claim IV - he was ineligible to receive the twenty-five sentence assessed because the State mischaracterized his prior misdemeanor conviction for misprision of a felony.**
>
> **Claim V - the indictment was flawed because it mischaracterized his prior conviction for misprision of a felony as a felony, and because his prior conviction for importation of marijuana could not be used for an enhancement.**

Castaneda alleges in Claim III that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence. Pet'r's Pet. 7, ECF No. 3. He claims his "trial counsel failed to challenge the credibility of the victim's statements that he did not see a doctor or receive medical treatment for his supposed injuries but he did file a worker's comp claim." *Id.*

In his first point of error on appeal, Castaneda did insist "the evidence was insufficient to sustain his conviction because he claims it was physically impossible for him to have struck Officer Garza in the manner in which Officer Garza testified." *Castaneda*, 2016 WL 4447576, at *2. Notably, he did not raise the issue of Garza's credibility at trial, in a direct appeal, or in a state habeas application. Thus, the claim is unexhausted.

Castaneda adds in Claim IV that he was ineligible to the sentence assessed because the trial court "mischaracterized [his] prior felony misdemeanor conviction of misprision of a felony as a felony to enhance [him] as a habitual criminal." Pet'r's Pet 7, ECF No. 3. Castaneda contends in Claim V that he "is entitled to relief from his enhanced sentence because he is actually innocent of his sentence enhancement." Again, Castaneda did not raise either of these issues at trial, in a direct appeal, or in a state habeas application. Thus, these claims are also unexhausted.

A state prisoner must exhaust available state remedies before seeking federal habeas corpus relief, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. 28 U.S.C. § 2254(b)(1). Moreover, a petitioner must exhaust a claim with the same facts and legal theory upon which the petitioner bases his current assertions. *Ruiz v. Quarterman*, 460 F.3d 638 (5th Cir. 2006). A federal habeas court may *grant* relief on an unexhausted or procedurally defaulted claim *only* if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749–50; *Barrientes*, 221 F.3d at 758.

Castaneda had the opportunity to present these claims in his direct appeal and to the state habeas court, but he did not do so. Further, he has not demonstrated cause for the default and actual prejudice arising from the default.

Castaneda is not entitled to habeas relief on these unexhausted claims.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Castaneda has not made a substantial showing of the denial of a constitutional right. Thus, reasonable jurists could not debate the denial of Castaneda's § 2254 petition, or find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Castaneda is not entitled to § 2254 relief. The Court further concludes that Castaneda is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the Castaneda's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS ALSO ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 24 day of July 2019.

_____
**FRANK MONTALVO
UNITED STATES DISTRICT JUDGE**